# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD WATKINS, | ) CASE NO. 2:14-cv-135-JMS-WGH |
| Plaintiff, | ) |
| v. | ) |
| TRANS UNION, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TRANS UNION, LLC'S MOTION FOR RULE TO SHOW CAUSE

Defendant Trans Union, LLC has no right to the action it has requested - that this Court issue a show cause order. Trans Union appears to acknowledge this fact by conspicuously failing to offer any rule of law by which it might be entitled to its requested show cause order and hearing. If Trans Union's allegations as to disqualification of counsel are correct and its positions meritorious, there is a proper means for Trans Union to be heard. Trans Union's contrived application of the "rule to show cause" is not it.

**I.   There is no pending motion or entered order in this case upon which to base a show cause order.**

A show cause order is a "[c]ourt order…to appear…and present to the court such reasons and considerations as one has to offer why a

*particular order*, decree, etc., should not be confirmed, take effect, be executed, or as the the case may be."[1] Here there is no pending motion to disqualify or order of disqualification in this case upon which to base a show cause order. Trans Union has not moved to disqualify counsel and the Court has not ordered counsel's disqualification *in this case*.

## II. The Childress and Hobson orders on disqualification are not orders in this case and, in any event, are not final orders.

The disqualification orders in *Childress* and *Hobson* are not orders *in this case*. Those orders apply only to counsel's representations of those particular plaintiffs. There is nothing in those orders which would make them applicable to counsel's representation of Watkins or any other plaintiff. Those orders are at best persuasive authority to be considered by this Court in this case if and when Trans Union actually moves to disqualify counsel.

The *Childress* and *Hobson* orders are not even final orders since both of those cases are still pending. Therefore, even if there was some way to apply those orders directly to this case, which there is not, those orders are

---

[1] Black's Law Dictionary (Sixth Edition), at 962.

not yet final.[2] Moreover, both orders upon becoming final will be appealed to the Seventh Circuit by counsel.

### III.   Trans Union is not entitled to an award of attorney fees.

Trans Union claims an entitlement to an award of attorney fees for bringing its Motion for Order to Show Cause, but it provides no basis in law why it is entitled to one. It points to the fact that disqualification was ordered in *Childress* and *Hobson*. Fees were not awarded to Trans Union in either of those cases. More importantly, those cases are not controlling and do not render counsel's defense (which counsel has not yet had the opportunity to make) of any anticipated but not yet pending motion to disqualify here frivolous or otherwise sanctionable.

In *Analytica*,[3] the Seventh Circuit considered the question of assessing fees against the party who opposed a disqualification motion to be one of whether the opposition was so unreasonable as to be in bad faith. Neither Childress nor Hobson found there to be any bad faith nor unreasonableness on counsel's part and, certainly, no such finding has been made or could possibly be made yet here since the question of disqualification has neither been heard or ruled upon.

---

[2] Under established Supreme Court and Seventh Circuit law, orders of disqualification are not appealable interlocutory orders. *Richardson-Merrell v. Koller*, 472 U.S. 424 (1985); *In re Lewis*, 212 F.3d 980 (7th Cir. 2000).

[3] *Analytica v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir. 1983).

If Trans Union has its way, counsel, who has not represented Trans Union since June 2005 (more than 9 years ago), will never be allowed to file a FCRA case against Trans Union unless and until Trans Union tells him it is safe to do so—which will, of course, be never. This is not *Childress* or *Hobson*. Disqualification must be and can only be decided on a case-by-case basis. It is not an act of bad faith to collaterally disagree with the *Childress* or *Hobson* outcomes, especially in light of the fact that counsel has no other mechanism for challenging the court's ruling in *Childress* or *Hobson* because those orders of disqualification are not appealable until there is a final, court-ordered disposition of the case adverse to counsel's former clients.

## IV. Certain issues relevant to disqualification must be periodically reexamined.

Trans Union has not filed any motion to disqualify in this case and its attempt to force this Court to apply rulings in other cases has no merit whatsoever. However, even assuming for the sake of argument that the orders in Childress and Hobson could somehow be enforced here as Trans Union wishes, there are issues related to disqualification which must by their very nature be reexamined periodically - primarily the question of the passage of time.

"Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related."[4] *Childress* was filed in February 2012; at which point counsel had not represented Trans Union for seven years. *Hobson* was filed in February 2013; at which point counsel had not represented Trans Union for eight years. This case was filed in May 2014 - effectively nine years since counsel last represented Trans Union. Since time is a factor to be considered in disqualification based upon conflict of interest that factor changes as time passes. Both *Chidlress* and *Hobson* implicitly acknowledge this point.

## V.    Counsel is entitled to challenge both the *Childress* and *Hobson* rulings as well as to present arguments against disqualification here that were not offered in either of those cases.

If and when Trans Union finally gets around to actually filing a motion to disqualify in this case, counsel has the right to offer challenges to both the *Childress* and *Hobson* rulings as well as to offer new and additional arguments against disqualification which were either not considered or overlooked in *Childress* or *Hobson*. As mentioned above, the *Childress* or *Hobson* opinions are at best persuasive as to the consideration of

---

[4] Comment [3] to Rule 1.9.

disqualification here. This court is not bound to follow them in this case or with this plaintiff. Counsel will not offer prelude as to those arguments here because there is no pending motion and thus the matter is not yet ripe. Moreover, what matters is not the arguments themselves but the fact that counsel has the right to make them and to attempt to persuade this court in this case to arrive at a different conclusion regarding disqualification. That said, counsel will challenge those prior rulings as well as other orders regarding discovery made in those cases and will certainly, at a minimum, argue that the additional passage of time must be considered anew. Finally, counsel anticipates presenting argument as to the relevance of rulings on disqualification in *Childress v. Experian*[5] and especially *Card v. CSC Credit Services, et al.*[6]; both rulings which were made in favor of counsel and against disqualification. Of course, counsel is guessing at this point since Trans Union has not yet presented its argument for disqualification; which Trans Union must do in order for this issue to be heard.

---

[5] *Childress v. Experian Information Solutions, Inc.*, Case No. 1:12-cv-1529 (S.D. Ind.).

[6] *Card v. CSC Credit Services, Inc.*, Case No. 1:13-cv-1150 (S.D. Ind.).

Respectfully submitted,

*s/G. John Cento*
G. John Cento
Christopher T. Lane
CENTO LAW, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46220
(317) 908-0678
cento@centolaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 30th day of June, 2014. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

    William R. Brown, Esq.
    Camille R. Nicodemus, Esq.
    Schuckit & Associates, P.C.
    wbrown@schuckitlaw.com
    cnicodemus@schuckitlaw.com

                            *s/G. John Cento*
                            G. John Cento