UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-135-JMS-WGH |
| | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON CENTO'S SECOND MOTION
FOR LEAVE TO CONDUCT DISCOVERY**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Attorney G. John Cento's *Second Motion for Leave to Conduct Discovery* (Filing No. 35) and Judge Magnus-Stinson's referral of March 2, 2015. The parties have briefed the issue. (*See* Filing No. 35; Filing No. 46; Filing No. 47.) Having considered their submissions and relevant law, and being duly advised, I **DENY** Cento's motion at this time, subject to reconsideration after Judge Magnus-Stinson determines whether further evidence will be heard in this matter. (*See* Filing No. 57.)

**I.    Background**

On August 7, 2014, Judge Magnus-Stinson ordered Plaintiff's counsel, John Cento, to "show cause as to why he should not be disqualified from representing Plaintiff against Defendant pursuant to Indiana Rule of Professional Conduct 1.9 and the rationale set forth in" three recent District

Court orders concerning Cento's eligibility to litigate against his former client, Trans Union. (Filing No. 13.) To facilitate Cento's response, I granted Cento leave to depose Trans Union's Division General Counsel, Denise Norgle. (*See* Filing No. 32 at ¶¶ 7–9.)

In that deposition, Norgle testified that former Trans Union employee Eileen Little would not play any role in this litigation because she is deceased. (Filing No. 49 at ECF p. 8.) Cento later confirmed that Little passed away in 2011. (Filing No. 48-13.)

Norgle's revelation bears on Cento's motion because of two recent decisions in Indiana's federal courts. *See Childress v. Trans Union, LLC* (*Childress II*), No. 1:12-cv-184-TWP-DML, 2013 WL 1828050 (S.D. Ind. Apr. 30, 2013) (affirming Magistrate Judge's order (*Childress I*), 2012 WL 6728339 (S.D. Ind. Dec. 28, 2012)); *Hobson v. Trans Union, LLC,* No. 1:13-cv-54-JD-RBC, Filing No. 63 (N.D. Ind. Nov. 21, 2013).[1] Both courts disqualified Cento from litigating against Trans Union, but both contemplated that he could do so once staffing turnover would render whatever confidential information he gained through his past work for Trans Union unrelated to current litigation. *See Childress I,* 2012 WL 6728339, at *5; *Childress II,* 2013 WL 1828050, at *5; *Hobson,* Filing No. 9-4 at ECF pp. 13–14. Therefore, Cento could reasonably wonder whether Little's death might preclude disqualification in this case—and

---

[1] Judge Cosbey's order has not been published, but Trans Union attached it to its motion seeking a show-cause order. (*See* Filing No. 9-4.) I cite *Hobson* as paginated therein (*e.g., Hobson,* Filing No. 9-4 at ECF p. xx).

whether it might have precluded disqualification in *Childress* and *Hobson* had it been revealed sooner.

Cento now seeks to depose attorneys Will Brown and Bob Schuckit, whose firm has represented Trans Union in *Childress*, *Hobson*, and this case. (*See* Filing No. 35 at ECF pp. 7–8.) His motion suggests—and seeks to confirm on the record—that Brown and Schuckit knew of Little's death during the *Childress* and *Hobson* litigation but wrongly concealed material facts.

## II.   Legal Standard

A party is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). At trial, evidence is relevant if it has "any tendency" to make a material fact more or less probable. Fed. R. Evid. 401. But even inadmissible evidence is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Conversely, the Court "must limit the frequency or extent of discovery" if its "burden or expense . . . outweighs its likely benefit" considering, among other factors, "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Indiana Rule of Professional Conduct 3.3 addresses an attorney's duty to be candid with the courts in which she practices.[2] In pertinent part, it directs

---

[2] Rule 1.9 applies to this case because this Court has ordered that attorneys who practice before this Court will honor the Indiana Rules of Professional Conduct. *See* S.D. Ind. L.R. 83-5(e) ("The Indiana Rules of Professional conduct . . . govern the conduct of those practicing in the court.").

that an attorney shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Ind R. Prof'l Conduct 3.3(a)(1). The duty to correct false statements supersedes an attorney's duty to maintain her client's confidences. *See* Ind. R. Prof'l Conduct 3.3(c).

Commentary to Rule 3.3 clarifies the lawyer's duty of candor as it applies in this case:

- A "lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." Ind. R. Prof'l Conduct 3.3[2].

- "[A]n assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may be properly made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry." Ind. R. Prof'l Conduct 3.3[3].

- "There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." *Id.*

- An attorney bears an "obligation as an officer of the court to prevent the trier of fact from being misled by false evidence." Ind. R. Prof'l Conduct 3.3[5].

- The attorney's duty of candor supersedes concern for even "grave consequences to the client" because "the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process which the adversary system is designed to implement." Ind. R. Prof'l Conduct 3.3[11].

### III. Discussion

Although Cento's request is well-taken, I must deny his motion on practical grounds. I can conceive of only four purposes for which Cento might depose Brown and Schuckit:

4

(1) Compile evidence that would aid the Court in determining whether to disqualify Cento.

(2) Compile evidence to ask for reconsideration of the decisions in *Childress* and *Hobson*.

(3) Compile evidence to demonstrate that Brown and Schuckit have violated Rule 3.3.

(4) Harass or embarrass Brown and Schuckit.

Among these, the sole permissible purpose would be the first. Discovery should be conducted under the oversight of a judge presiding over the case, and neither *Childress* nor *Hobson* is on my docket. This Court does not investigate attorney misconduct. And, harassment and embarrassment are impermissible objectives for discovery requests. Fed. R. Civ. P. 26(g)(1)(B)(ii).

Deposition testimony from Brown and Schuckit could aid the Court in deciding disqualification. As I explained in my *Report and Recommendation* on the issue, Trans Union's treatment of Little's death raises credibility questions that pervade the disqualification analysis. (*See* Filing No. 57 at ECF pp. 11–13.) Testimony from Schuckit and Brown would shed some light on those questions.

But the parties have briefed that issue, and I have issued my *Report and Recommendation* to Judge Magnus-Stinson. Accordingly, the burden and expense of this deposition (particularly given its entanglement with the attorney-client privilege) would outweigh any imminent benefit. If Judge Magnus-Stinson accepts my recommendation to collect further evidence before deciding disqualification, I invite Cento to renew this motion.

5

## IV. Conclusion

For the foregoing reasons, I **DENY** Cento's motion.

**SO ORDERED** this 22nd day of June, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**