A UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD WATKINS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 2:14-cv-135-WTL-WGH |
| | ) |
| TRANS UNION, LLC, | ) |
| | ) |
|   Defendant. | ) |

### ENTRY ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

This cause is before the Court on the Defendant's objections [Dkt. No. 93] to Magistrate Judge Hussmann's order and subsequent clarification resolving the Plaintiff's Third Motion for Leave to Conduct Discovery and the Plaintiff's response thereto. For the reasons set forth below the Court, being duly advised, **OVERRULES** the objections.

### BACKGROUND

Although this case is ostensibly about whether Defendant Trans Union, LLC, is liable to Plaintiff Richard Watkins for violations of the Fair Credit Reporting Act ("FRCA"), the parties have spent nearly two years fighting over whether Plaintiff's counsel, G. John Cento, should be disqualified from representing Watkins in this case because he formerly represented Trans Union in FRCA cases.[1] After a hearing was set on the disqualification issue, Watkins moved for leave to conduct discovery to prepare for the hearing. Magistrate Judge Hussmann granted the motion

---

[1] The Court notes that Watkins' argument that he would not have had to seek leave to conduct discovery but for Trans Union's refusal to participate in a Rule 26(f) conference is without merit. Rule 26(f) applies to discovery relating to the merits of Watkins' case against Trans Union, discovery that cannot take place until the issue of whether Cento may ethically represent Watkins in this case is resolved. The discovery at issue in the instant motion does not in any way relate to the parties' claims or defenses regarding Watkins' case against Trans Union and therefore is not governed by Rule 26.

before Trans Union's response time had expired; Trans Union filed a response anyway, and Magistrate Judge Hussmann then entered a clarification of his prior order after considering the response. Magistrate Judge Hussmann's orders permitted the following discovery:

- the deposition of Robert Schuckit (not to exceed four hours and to be conducted by telephone unless otherwise agreed by the parties);
- the deposition of Patricia Norris (also not to exceed four hours and to be conducted by telephone unless otherwise agreed by the parties);
- document requests seeking documents identified by Denise Norgle during her deposition; and
- document requests seeking "any other documents related to establishing the scope of Cento's prior representation and the effect of the passage of time."

Dkt. No. 84.

## DISCUSSION

Trans Union argues that Magistrate Judge Hussmann's ruling was clearly erroneous for several reasons. The Court will address each of Trans Union's arguments, in turn, below.

Trans Union first makes several arguments relating to Magistrate Judge Hussmann's comment that "the purpose of the hearing is to test the credibility of those witnesses who have previously provided evidence by way of affidavit." Dkt. 91 at 2. The Court interprets this language to refer to the unremarkable fact that the reason the Court chose to hold an evidentiary hearing rather than simply reviewing the parties' briefs and affidavits or holding oral argument is that the parties disagree as to the relevant facts and therefore it might be necessary for the Court

to judge the credibility of the witnesses who will offer evidence on behalf of the parties.[2]  It is reasonable to permit Watkins to depose Trans Union's witnesses[3] in advance of the hearing in order to prepare for the hearing.

Trans Union also takes issue with Magistrate Judge Hussmann's statement that "Judge Lawrence held that the primary focus of this hearing was to 'test the impact of time' on Attorney Cento's ethical obligations," because what the Court actually said in its Entry was that one of its three areas of interest was "the effect of the passage of time on whether Cento may represent the Plaintiff in this case."  It is unclear to the Court why Trans Union raises this issue; while Magistrate Judge Hussmann did choose the wrong quote to express his point, the point remains entirely valid—the Court has instructed the parties to address what, if any, relevance the passage of time has to the question at hand.

Trans Union next objects to the deposition of Patricia Norris, who has not been listed as a witness by Trans Union; rather, Watkins would like to take her deposition to use at the hearing because she is not subject to subpoena given her location.  Trans Union argues that because Norris has never offered an affidavit or testimony in this case, her credibility is not at issue.  However, Watkins believes that Norris—a former employee of Trans Union who was Cento's primary contact there—will give testimony that will refute that of Trans Union's witnesses.  It would be an unusual process, indeed, if Trans Union were permitted to present evidence but

---

[2] Contrary to Trans Union's suggestion, this does not contradict the Court's admonition that it is more interested in the facts as they are now than in counsel's bickering over the truthfulness of past affidavits.  Part of ascertaining the facts is assessing the credibility of those who testify about what those facts are.

[3] Trans Union has listed Robert Schuckit and Denise Norgle as witnesses; Norgle already has been deposed.

Watkins was precluded from presenting contrary (or at least what he anticipates will be contrary) evidence.

Trans Union next argues that if Norris is deposed, the Court should prohibit Watkins from "delving into impermissible areas of inquiry, including whether actual confidences were disclosed during Cento's prior representation of Trans Union and the content of those confidential communications." Dkt. 93 at 10. Trans Union's argument is based on the following language from *Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224 (7th Cir. 1978): "The effect of the Canons is necessarily to restrict the inquiry to the possibility of disclosure; it is not appropriate for the court to inquire into whether actual confidences were disclosed." Further, in a related footnote, the court noted:

> To compel the client to show, in addition to establishing that the subject of the present adverse representation is related to the former, the actual confidential matters previously entrusted to the attorney and their possible value to the present client would tear aside the protective cloak drawn about the lawyer-client relationship. For the Court to probe further and sift the confidences in fact revealed would require the disclosure of the very matters intended to be protected by the rule.

*Id.* (citation omitted). The Court agrees with Trans Union that it is not required to reveal—or to permit its previous counsel to reveal—the content of its privileged communications with its attorneys. However, Trans Union itself has relied upon the affidavit of Robert Schuckit in which he avers that Cento actually received several categories of allegedly confidential information during the time he represented Trans Union, including "system procedures and capabilities," "dispute handling policies and procedures," "business data, costs, benefits, feasibilities, and attorney/client reviews, discussion, recommendations and actions regarding such," among others. Dkt. No. 23-1. Watkins is entitled to conduct discovery regarding whether the categories of information have, in fact, been treated as privileged and, if so, whether, for example, Trans

Union's "dispute handling policies and procedures," have remained static in the intervening years such that the information Cento would have acquired as Trans Union's counsel actually is relevant to this case.  In addition, Trans Union itself has put what types of information Cento actually received during the course of his representation at issue—rather than simply arguing that "it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in" the types of matters in which Cento represented Trans Union.  *Cf. Westinghouse Electric Corp.*, 588 F.2d at 225.  Watkins therefore is entitled to test the accuracy of that assertion (if he, in fact, disputes it) by questioning the witnesses about whether Cento really obtained that type of information while representing Trans Union.  This inquiry can be made without revealing the content of any confidential communications between Trans Union and Cento.

  Next, Trans Union argues that Magistrate Judge Hussmann erred in permitting its current attorney, Robert Schuckit, to be deposed because he "did not even address the Seventh Circuit test that must be applied to determine whether a party may be permitted to depose his opponent's attorney much less make any finding that Cento has satisfied the test in this matter." Dkt. 93 at 12.  This argument is utterly without merit, inasmuch as Trans Union has listed Schuckit as a witness for the evidentiary hearing and submitted his affidavit.  It is Trans Union, not Watkins, who has made Schuckit a witness in this matter; now that he is a witness, Watkins is entitled to treat him as such.

  Finally, Trans Union objects to the fact that Magistrate Judge Hussmann granted Watkins leave to serve document requests on it because some of the responsive documents contain privileged material.  Magistrate Judge Hussmann's order does not require the production of privileged material, however; it simply allows Watkins to serve his requests.  Trans Union shall

produce all unprivileged responsive documents—including redacted versions of documents that contain some privileged material—and produce a privilege log that lists any responsive documents or portions thereof that it withholds on privilege grounds.

## CONCLUSION

For the reasons set forth above, Trans Union's objections to Magistrate Judge Hussmann's ruling are **OVERRULED**. The parties shall work together to schedule the depositions of Schuckit and Norris to take place as soon as possible. Trans Union shall respond fully and completely to Watkins' document requests **within 14 days of the date of this Entry**. The hearing on this matter is reset for **Friday, March 11, 2016, at 9:30 a.m.**, in Room 202, United States Courthouse, 46 E. Ohio St., Indianapolis, Indiana. The Court urges counsel in this case to put aside their differences and cooperate in completing this discovery and to consider carefully the merits of any invocation of privilege and any challenge to such. The resolution of this issue is long overdue.

SO ORDERED:  1/28/16

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

6