UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-00135-WTL-MJD |
| | ) | |
| TRANS UNION , LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| GUERINO JOHN CENTO, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL**

This matter is before the Court on Plaintiff's *Motion for Sanctions and to Compel*. [Dkt. 185.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES AS MOOT IN PART** Plaintiff's Motion.

**I.  Background**

In this Fair Credit Reporting Act ("FCRA") action, Plaintiff asserts Defendant mixed credit information belonging to another consumer (in this case, Plaintiff's son) into Plaintiff's credit file and failed to adequately correct the issue. Plaintiff contends that the inaccurate information was then included by Defendant in consumer reports about Plaintiff resulting in the loss of credit opportunity. In this discovery dispute, Plaintiff primarily seeks the documentation relied upon by Defendant when it determined Plaintiff had a "mixed file" – that is a credit file that had become intermingled with another consumer's file. Defendant has refused to produce

1

the information, first asserting that Plaintiff agreed to depose a key employee (Lynn Prindes, formerly Lynn Romanowski) regarding the investigation in lieu of receiving the responsive documents. Defendant also argues that because Ms. Prindes based her decision upon a review of data from Defendant's electronic database, as opposed to physical documents, no documents exist that are responsive to Plaintiff's request. Unable to resolve the dispute informally or during a discovery conference with the Court, Plaintiff filed this motion.[1]

## II. Discussion

Before proceeding to the merits of Plaintiff's Motion, the Court must first address the General Objections and Objections to Definitions and Instructions asserted by Defendant and the extensive use of boilerplate objections within its responses. When a party raises objections to discovery requests, the objecting party bears the burden to explain *precisely* why its objections are proper given the broad and liberal construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *see also Cunningham v. Smithkline Beecham,* 255 F.R.D. 474, 478 (N.D. Ind. 2009).

General objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such objections. *See Novelty, Inc. v. Mountain View Mktg., Inc.,* 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered"); *Burkybile v. Mitsubishi Motors Corp.,* 2006 WL 2325506, at *9 (N.D. Ill. 2006) (overruling boilerplate objections made generally and without elaboration).

---

[1] Defendant's argument that Plaintiff failed to fulfill the "meet and confer" requirement under Rule 37 or Local Rule 37.1 is without merit. The Court authorized Plaintiff to file this motion on February 1, 2018. [Dkt. 172.]

Defendant's "kitchen sink" General Objections, and in fact, general objections by their very nature, make no attempt to articulate a basis specific to a request. As other Seventh Circuit district courts have noted, "[m]aking general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied." *Avante International Technology, Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093 at *2 (S.D. Ill. 2008). That is precisely what this Court will do. Defendant's General Objections to both the interrogatories and requests for production and Objections to Definitions and Instructions within the interrogatories are **OVERRULED** in their entirety.

Defendant also asserts numerous boilerplate objections with regard to the particular interrogatory and request for production at issue in this motion. In its response to Interrogatory No. 3, Defendant objected that the term "mixed file" was not defined by Plaintiff (even though Defendant also asserted blanket objections to Plaintiff's definitions). Defendant asserted, without explanation, the interrogatory was overly broad, unduly burdensome and not proportional to the needs of case. Defendant likewise baldly asserted the interrogatory sought confidential trade secret information and information protected by attorney-client and work product privilege. These objections make no attempt to explain with specificity why the interrogatory is improper. As such, the Court **OVERRULES** Defendant's objections to Interrogatory No. 3. *See Novelty, Inc. v. Mountain View Marketing, Inc*., 265 F.R.D. 370, 375 (S.D. Ind. 2009) (failure to make specific legitimate objections to discovery requests may result in the court deeming the objections waived).

Defendant's response to Request for Production No. 37 likewise included a litany of baseless objections, including an objection on the grounds that the terms "electronically stored information," "reviewed," "used," "viewed," "considered," and "relied upon" are vague and

ambiguous and an objection based upon burden that is wholly unsubstantiated. Defendant also asserted this blanket objection to the request: "Trans Union objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information and/or information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege." [Dkt. 186-2 at 12.] Again, these objections fail to provide the opposing party, and the Court, with any specificity as to how the objection applies to the information sought. Additionally, if it was Defendant's intent to withhold any documents from this less than forthcoming response (as it clearly has done), it was Defendant's obligation under Fed. R. Civ. P. 34(b))(2)(C) to specifically identify any documents being so withheld. The Court **OVERRULES** each objection Defendant asserts specific to Request for Production No.3.

### A. Interrogatory No. 3 and Request for Production No. 37

At issue in this motion are Defendant's responses to Interrogatory No. 3 and Request for Production No. 37. Interrogatory No. 3 asked whether Plaintiff had a "mixed file" and to identify the information Defendant relied upon in making that determination. [Dkt. 186-1 at 5-6.] The related later-served request for production (No. 37) sought "Any documents or electronically stored information reviewed, used, examined, viewed, considered, or relied upon by Lynn Romanowski as referenced in Defendant's response to Interrogatory No. 3." [Dkt. 186-2 at 11.]

Defendant served an answer [Dkt. 186-1 at 6], a first supplemental answer [Dkt. 186-3 at 2], and a second supplemental answer [186-4 at 2] to Interrogatory No. 3. Each response begrudgingly offered slightly more information on the process Ms. Prindes underwent to determine Plaintiff had a mixed file. However, none of the responses **identified** the information relied upon by Ms. Prindes in making that determination, as requested by the interrogatory. Instead, Defendant states that "relying upon information located within Trans Union's database,

4

Ms. Prindes was able to determine when the two files were combined and then what caused the two files to combine." [Dkt. 186-4 at 2.] Defendant nevertheless maintains this response is complete.

After asserting a litany of objections overruled by the Court above, the following is Defendant's remaining substantive response to Request for Production No. 37: "Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any responsive materials are being withheld because Lynn Romanowski cannot recall specific documents or electronically stored information she "reviewed, used, examined, viewed, considered or relied upon." [Dkt. 186-2 at 12.]

Six months later, Plaintiff took Ms. Prindes deposition, at which time she not only recalled how she determined Plaintiff had a mixed file, but that she also was able to precisely identify what she reviewed to make that determination. Prindes testified that she based her decision upon "source data" she reviewed on Defendant's computer system. [Dkt. 186-9 at 1-2.] Contrary to Defendant's response above, Ms. Prindes testified that if she were logged in to Defendant's system, she could find the information she relied upon and print it. *Id*. Plaintiff's counsel immediately requested a copy of this data from Defendant's counsel, who responded that because Ms. Prindes did not print the data, there is no document to produce. [Dkt. 186-9 at 2.]

Neither the three iterations of responses to Interrogatory No. 3 nor the response to Request for Production No. 3 is sufficiently complete. Defendant's argument that Plaintiff "reneged" on a deal to accept Ms. Prindes deposition testimony in lieu of the documents is without merit. Plaintiff denies any such agreement and Defendant points to no evidence other than the recollections of its counsel. Similarly without merit is Defendant's argument that

because Ms. Prindes did not *print* screenshots of the database she reviewed, Defendant has no obligation to produce the documents. The request seeks "any documents or *electronically stored information*" Ms. Prindes reviewed to determine Plaintiff's file had been mixed. Ms. Prindes clearly testified that she would be able to recreate what she viewed if given the opportunity to log in to the company's database. Therefore, Defendant must produce this information, regardless of whether it exists in a printed or an electronic format.

Plaintiff asserts Ms. Prindes also identified the following documents she relied upon that should have been identified in response to Interrogatory No. 3 and produced in response to Request for Production No. 37:

- Plaintiff's archived credit files for the following dates: March 2, 2009; August 12, 2012; February 22, 2013 and February 23, 2013;

- Plaintiff's son's archived credit files for the following dates: March 2, 2009; August 12, 2012; February 22, 2013 and February 23, 2013;

- A print out of the information reported to Trans Union by U.S. Bank on March 1, 2009 as identified by Lynn Prindes during her deposition.

Defendant likewise argues here that it is not obligated to produce these documents because they do not exist in printed form. As discussed above, this argument is entirely without merit.

Plaintiff's Motion is **GRANTED** as to Interrogatory No. 3 and Request for Production No. 37. The Court **ORDERS** Defendant to provide a complete and unequivocal response to Interrogatory No. 3 and to produce all documents responsive to Request for Production No. 37 **within ten days of the date of this Order**.

### B. Emails and Privilege Log

Plaintiff also asserted Defendant failed to produce approximately 1,100 emails and a privilege log, which have since been produced. Consequently, the Court **DENIES AS MOOT** Plaintiff's motion as to the emails and privilege log.

### C. Attorney's Fees

If a motion to compel under Rule 37(a) "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As this motion was denied only with respect to the documents produced **after** the motion was filed, Plaintiff may file a motion for fees with supporting documentation **within ten days of the date of this Order**.

## III. Conclusion

Based on the foregoing, Plaintiff's *Motion for Sanctions and to Compel* [Dkt. 185] **GRANTED IN PART** and **DENIED AS MOOT IN PART.** Defendant shall provide a complete and unequivocal response to Interrogatory No. 3 and produce all documents responsive to Request for Production No. 37 **within ten days of the date of this Order**. Once the required information is produced, Defendant shall re-produce Lynn Prindes for deposition if requested by Plaintiff; Defendant is precluded from imposing any limitations upon the scope of such deposition.

Dated: 15 JUN 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.