UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:14-cv-00135-WTL-MJD |
| TRANS UNION, LLC, | ) |
| Defendant. | ) |
| GUERINO JOHN CENTO, | ) |
| Interested Party. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *Motion for Attorney's Fees* [Dkt. 204]. Judge William T. Lawrence designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 220.] For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's Motion be **GRANTED IN PART** and **DENIED IN PART**.

### I. Background

This is a Fair Credit Reporting Act ("FCRA") action in which Plaintiff asserts Defendant mixed credit information belonging to another consumer (in this case, Plaintiff's son) into Plaintiff's credit file and failed to adequately correct the issue. In this discovery dispute, Plaintiff primarily sought the documentation relied upon by Defendant when it determined Plaintiff had a "mixed file" – that is, a credit file that had become intermingled with another consumer's file. Unable to resolve the dispute, Plaintiff filed a Motion for Sanctions and to

1

Compel [Dkt. 185], which the Court granted (denying as moot only with respect to the documents produced after the motion was filed). [Dkt. 202.] The Court then gave Plaintiff leave to file this motion for fees with supporting documentation. [*Id.*]

## II. Legal Standard

Rule 37(a)(5) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Though "the Rule 'presumptively requires every loser to make good the victor's costs,'" *Malibu Media LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014) (quoting *Rickels v. City of S. Bend. Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)), a court must not order fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) the circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Further, the "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu Media, LLC*, 2014 WL 5392097, at *1 (citing *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-cv-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2016)). Here, Plaintiff's Motion for Sanctions and to Compel was granted. [Dkt. 202 at 7.] Therefore, Defendant can only avoid paying fees if one of the three exceptions applies.

## III. Discussion

Defendant argues that Plaintiff is not entitled to fees because the second exception applies, which prohibits fees from being awarded when a party's resisting discovery is substantially justified in its objection. Fed. R. Civ. P. 37(a)(5)(A)(ii). Additionally, Defendant

2

contends that if Plaintiff is entitled to attorney's fees, the amount requested is unreasonable and should be significantly reduced. The Court will address each of these arguments in turn.

A. Substantial Justification

A party's resistance to discovery is substantially justified if there is a genuine dispute. *Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing Fed. R. Civ. P. 37(a)(4) advisory committee's notes). Resistance to discovery is also substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 565.

Defendant argues it was substantially justified for two reasons. First, Defendant contends it had a good-faith belief that it could rely on an agreement between Plaintiff and Defendant – that Plaintiff had agreed to accept a deposition in lieu of documents. [Dkt. 205 at 4.] Second, Defendant argues it could not comply with the discovery request pursuant to Section 1681b of the FCRA: Defendant was prohibited from providing "personal and financial information of a third-party consumer, Plaintiff's Son . . . absent written consent from Plaintiff's Son or an Order of the Court." [Dkt. 205 at 6.] Plaintiff responds by arguing the agreement was not made in good faith, as it was only made "after [Defendant]'s counsel insisted during the parties' meet and confer that no other responsive documents existed and that all that was left to do was explain, through deposition, the documents already produced." [Dkt. 196 at 4.] Additionally, Plaintiff notes that Defendant did not mention its alleged prohibition under Section 1681b until its Response in Opposition to Plaintiff's Motion to Compel [Dkt. 194]. [Dkt. 196 at 5.]

The Court finds Defendant was not substantially justified in relying on the agreement. In its Order on Plaintiff's Motion to Compel, this Court found that "Defendant's argument that Plaintiff 'reneged' on a deal to accept Ms. Prindes deposition testimony in lieu of the documents

3

is without merit." [Dkt. 202 at 5.] Defendant has told this Court that even though "no 'documents' exist responsive to Plaintiff's request," Defendant graciously offered to help Plaintiff by producing Ms. Prindes for a deposition to get the necessary information. [Dkt. 194 at 11.] But the Court found that documents did in fact exist, as clearly evidenced by Ms. Prindes' testimony, and Defendant's argument that they were not "documents" because they were not originally printed was entirely without merit. [Dkt. 202 at 5–6.] Defendant's alleged reliance on an agreement was not substantially justified because it was based on the fact that no documents existed.

Furthermore, the Court is not persuaded by Defendant's argument regarding Section 1681b. As evidenced by its ever-changing arguments, Defendant never intended to produce the documents at issue. First it asserted it could not produce additional documents because Ms. Prindes could not remember what documents she reviewed, which was later determined to be patently false. Then Defendant asserted it would not produce the documents because they were not printed. Defendant did not assert its 1681b argument in its objections. It did not assert its 1681b argument during the deposition. It did not assert this argument in the parties' meet and confer. It is only in its Response to Plaintiff's Motion to Compel does Defendant bring this argument to Plaintiff's and the Court's attention for the first time.[1] Moreover, Defendant makes no mention of Section 1681b's permitting Defendant to produce the documents with a court order, as it attempts to represent to the Court in its Response to Plaintiff's Motion for Fees. [Dkt. 205 at 6 ("As Trans Union stated in its Response In Opposition To The Motion To Compel [Doc No. 194], it could not comply pursuant to FCRA § 1681(b), absent written consent from Plaintiff's Son or an Order of the Court.").] Defendant simply did not want to cooperate.

---

[1] The Court notes that Defendant does not mention this until page 12, devoting only two sentences. Clearly Defendant did not strongly believe in this argument either.

In light of these findings, the Court concludes that Defendant lacked a substantial justification for resisting discovery. Further, this Court found that Defendant's arguments were "entirely without merit," suggesting the motion did not present a "genuine dispute" over which reasonable people might disagree. *Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-cv-00991-SEB-MJD, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013). Therefore, Defendant has failed to prove that any of the exceptions to Rule 37(a)(5)(A) apply.[2]

B. <u>Reasonable Fees</u>

Based on the above analysis, the Court must award Plaintiff his "reasonable" expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). This Court utilizes the "lodestar" method to determine reasonable attorney's fees by multiplying a reasonable rate by the number of hours reasonably expended on the motion. *Grady v. Affiliated Comput. Servcs. ACS*, No. 1:13-cv-00342-TWP-MJD, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) (citing *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). District courts have exceptional discretion to determine whether the time an attorney spends on a motion to compel is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *see also Murray v. Conseco, Inc.*, No. 1:03-cv-1701-LJM-MJS, 2009 WL 363803, at *5 (S.D. Ind. Feb. 6, 2009) (reducing fee award after reviewing attorneys' rates and time records relating to a motion to compel). The prevailing party bears the burden of demonstrating that its hours and fees are reasonable. *Grady*, 2014 WL 6066049, at *2.

Plaintiff requests $18,800 in attorney fees and $1,961.17 in costs. Defendant objects, arguing that this amount is unreasonable; it contends that Plaintiff counsel's (Mr. Cento) hourly

---

[2] Defendant states in a footnote that "[e]ven if the Court does not consider Trans Union's position substantially justified, the circumstances surrounding the Motion to Compel – Trans Union's good faith belief that Plaintiff agreed to accept a deposition in lieu of a production of documents – makes an award of fees unjust." [Dkt. 205 at 5.] As noted above, the Court is not persuaded by this argument, and it finds that the third exception does not apply.

5

rate is unreasonable, and he "seeks to recover for unreasonable, unnecessary and redundant time." [Dkt. 205 at 1–2.]

   *1. Hourly Rate*

Defendant argues that Mr. Cento's hourly rate of $400 is unreasonable. In determining whether the hourly rate is reasonable, courts first look to the rate actually charged; this is the rate to which the prevailing party is presumptively entitled, regardless of whether the attorney charges a rate above or below the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). If that is not available, the prevailing party can point to fees he has been awarded in similar cases. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999). Mr. Cento has not provided the Court with any evidence to suggest he charges $400 per hour, or that he has ever been awarded this rate in a similar case. In the absence of this evidence, courts are instructed to consider "the prevailing market rates in the relevant community," here being the Southern District of Indiana. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing party bears the burden of "produc[ing] satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community." *Id.* at 895 n.11.

To show his proposed hourly rate is reasonable, Mr. Cento has included his affidavit, which describes his sixteen years of experience with FCRA litigation. [Dkt. 204-1.] Mr. Cento has also cited to similar cases with a range of attorney's fees, and he has provided the United States Consumer Law Attorney Fee Survey Report 2015-2016 (the "Report"), published by the National Association of Consumer Advocates. [Dkt. 204-1; Dkt. 204-3.]

The Court will first address the Report. Other courts in this district have refrained from relying on the Report to measure the reasonableness of hourly rates; in *Grubbs v. Andrews &*

*Cox, P.C.*, the court found the Report had "little probative value." No. 1:13-cv-1936-WTL-MJD, 2016 WL 3902591, at *6 (S.D. Ind. July 18, 2016). Likewise, the court in *Lorik v. Account Recovery Bureau, Inc.* had similar reservations about the Report, questioning the reliability of the data and methodology. No. 1:13-cv-00314-SEB-DML, 2014 U.S. Dist. LEXIS 39938, at *6–7 (S.D. Ind. Mar. 26, 2014). As the court found in *Grubbs*, "the [Report] is not particularized by subject matter or the ability of the attorney; instead, it averages the rates charged by all attorneys in a particular geographic area." *Grubbs*, 2016 WL 3902591, at *6. Additionally, that court declined to consider the Report because it was not used "in conjunction with other evidence in determining the reasonableness of an attorney's hourly rates." *Id.* As will be discussed below, the same is true for the instant case.

Mr. Cento has also provided citations to three cases, which, he argues, show that his requested hourly rate is either well-below or in-line with amounts courts have awarded in similar cases. [Dkt. 204-1 at 14.] Two of those cases, however, are outside the Southern District of Indiana, and the singular citation to a case in this district involved a class action settlement agreement in which the reasonableness of the attorneys' hourly rates was undisputed. *Stanley v. Nat'l Recovery Agency*, No. 1:15-cv-239-MJD-WTL, 2017 U.S. Dist. LEXIS 38478, at *5 (S.D. Ind. Feb. 6, 2017).

Conversely, Defendant has cited similar cases in this district in which the courts have found reasonable hourly rates to fall between $150 and $250. [Dkt. 205 at 9.] In *Young v. Accounts Recovery Bureau*, for example, the court found $250 per hour to be reasonable because the attorney had fifteen years of legal experience and produced evidence that he had been awarded a similar rate in other cases as well. No. 1:11-cv-255-WTL-DKL, 2012 WL 3764014, at*6 (S.D. Ind. Aug. 8, 2012).

7

Lacking any evidence as to Mr. Cento's usual billing rates in similar cases, or any similar cases in this district to support the requested rate, this Court cannot justify the $400 hourly fee requested. But given Mr. Cento's sixteen years of experience in FCRA litigation and Defendant's citations to awards in similar cases in the Southern District of Indiana, the Court finds that a reasonable fee in this case is $250 per hour.

2. *Time Expended*

Next, the Court must determine whether the amount of time Mr. Cento spent on the dispute is reasonable, as Defendant objects to all of Mr. Cento's billing entries. [Dkt. 205-2.] "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments, Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Plaintiff states that he "seeks reimbursement for reasonable attorney fees incurred in (1) filing Plaintiff's motion to compel discovery (Doc. 185); (2) attempts to resolve the discovery disputes at issue in that motion; and (3) time wasted during the first deposition of Lynn Prindes." [Dkt. 204-1 at 9.] This amounts to a total of 47 hours, plus costs for Ms. Prindes' deposition.

Defendant's main objection to Mr. Cento's billing entries is that the amount of time spent on the tasks is excessive. [Dkt. 205-2.] Turning first to Mr. Cento's work filing Plaintiff's Motion to Compel, Defendant argues that a total of 25.75 hours is an unreasonable amount of time spent drafting and reviewing briefs. [Dkt. 205 at 10.] Mr. Cento spent 12.75 hours drafting a motion to compel that was sixteen pages long. The Court finds this reasonable. Mr. Cento also spent six hours reviewing Defendant's eighteen-page Response, as well as researching accompanying caselaw, and spent seven hours drafting his nine-page Reply. [Dkt. 204-1 at 10.]

The Court also finds this to be reasonable, and will award Mr. Cento his requested 25.75 hours spent on Plaintiff's Motion to Compel.

Next, Defendant objects to Mr. Cento's billing entries on tasks he categorized as "Attempts to Resolve Discovery Disputes." Defendant argues the 18.25 hours are excessive, and that the entries for September 21, 2017, October 6, 2017, and November 10, 2017 are incorrect. [Dkt. 205 at 11.] With regard to the September 21 and October 6 entries, Defendant notes that it had not served its Response to Request for Production No. 37 until October 12, 2017, so Mr. Cento could not review and participate in a meet and confer concerning Request for Production No. 37. [*Id.*] Additionally, Defendant notes that it did not participate in a meet and confer on November 10, 2017, as Mr. Cento has listed. [*Id.* at 11–12.] Mr. Cento argues these were simply typographical errors: the entries for September 21 and October 6 "are correct in every other respect because the issue being addressed there was Interrogatory No. 3." [Dkt. 207 at 3.] Moreover, the meet and confer originally listed as occurring on November 10 occurred on December 1, 2017. [*Id.* at 4.]

Defendant also argues that many of the billing entries for this category are excessive because they include time spent on tasks that relate to other discovery disputes not at issue in Plaintiff's Motion to Compel. [Dkt. 205 at 13.] Mr. Cento contends that the time listed only includes the time spent working on tasks regarding the issues in Plaintiff's Motion to Compel, and it does not account for time spent on other discovery matters. [Dkt. 207 at 4.]

Specifically, Defendant argues that the Court should strike Mr. Cento's entry regarding reviewing Defendant's offer of judgment because he would have reviewed this regardless of the Motion to Compel. [Dkt. 205 at 13.] The Court is not persuaded by this, however, because Mr. Cento states he compared the offer of judgment to Defendant's responses to Interrogatory No. 3,

9

which was at issue in the Motion to Compel. However, the Court finds that 1.25 hours is excessive, and it will reduce this to 0.60.

The Court will also reduce the hours requested for entries on October 17, 2017 and October 19, 2017. On October 17, Mr. Cento drafted an email to opposing counsel regarding discovery, for which he requests 1.25 hours. [Dkt. 204-1 at 11.] This email, however, was only two pages long, and the relevant discovery issues were only a small fraction of this. [Dkt. 186-7 at 2–3.] The Court will reduce the requested hours to 0.20. Furthermore, on October 19, Mr. Cento notes he spent .50 hours reviewing an email from opposing counsel and scheduling a meet and confer. [Dkt. 204-1 at 11.] The Court will strike this entry, as the email does not reference the issues present in the Motion to Compel. [Dkt. 186-7 at 1.]

The Court finds the remaining time entries for this category to be reasonable. Therefore, the Court will reduce Mr. Cento's 18.25 requested hours to 16.05 for "Attempts to Resolve Discovery Disputes."

Next, Mr. Cento has requested three hours for "Wasted Deposition Time," in which he "[p]repared for and conducted [the] deposition of Lynn Prindes." [Dkt. 204-1 at 12.] This time, he notes, specifically relates to time spent gathering information relating to Interrogatory No. 3 and Request for Production No. 37. [*Id.*] The time wasted is reflected in Exhibit 9 of Plaintiff's Motion to Compel. [Dkt. 186-9.] The Court finds three hours excessive, however. Mr. Cento argues that approximately seven minutes of the deposition were wasted; taking into account preparing for and conducting the wasted portion, the Court will reduce this entry to 0.20 hours.

Lastly, Mr. Cento requests $1,961.17 in costs regarding Ms. Prindes' deposition. [Dkt. 204-1 at 12.] Defendant argues this is unnecessary, as Mr. Cento would have conducted the deposition regardless of the Motion to Compel. [Dkt. 205-2 at 4.] However, because

approximately seven minutes were wasted out of an approximately seven-hour deposition [Dkt. 221 at 9], the Court will award the costs accordingly: 1.67% of the deposition was wasted, so Defendant will pay 1.67% of the cost, which is $32.75.

## IV. Conclusion

Based on the foregoing, the Court finds that Plaintiff is entitled to attorney's fees and costs for his Motion to Compel in the amount of **$10,532.75**. As such, the Magistrate Judge recommends Plaintiff's *Motion for Attorney's Fees* [Dkt. 204] be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff be awarded fees and costs in the total amount of $10,532.75.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 28 JAN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
tommy@consumerjusticecenter.com

Camille Renee Nicodemus
SCHUCKIT & ASSOCIATES PC
cnicodemus@schuckitlaw.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES P.C.
rschuckit@schuckitlaw.com

Justin T. Walton
SCHUCKIT & ASSOCIATES P.C.
jwalton@schuckitlaw.com