UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-00135-WTL-MJD |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| GUERINO JOHN CENTO, ) | |
| ) | |
| Interested Party. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *Second Motion for Sanctions* [Dkt. 212]. District Judge William T. Lawrence designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 220.] For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's Motion be **DENIED**.

**I.    Background**

This is a Fair Credit Reporting Act ("FCRA") action in which Plaintiff asserts Defendant mixed credit information belonging to another consumer (Plaintiff's son) into Plaintiff's credit file and failed to adequately correct the issue. In this discovery dispute, Plaintiff primarily sought the documentation relied upon by Defendant when it determined Plaintiff had a "mixed file."

1

On June 5, 2018, the Court granted in part and denied in part Plaintiff's Motion for Sanctions and to Compel. [Dkt. 202.] The Court ordered Defendant to "provide a complete and unequivocal response to Interrogatory No. 3 and produce all documents responsive to Request for Production No. 37." [Dkt. 202 at 7.] This meant that Defendant was required to produce information in its database that Defendant's employee Lynn Prindes reviewed to determine when and how the credit files were combined. [Dkt. 213 at 10.] The Court also ordered Defendant to re-produce Ms. Prindes for a deposition if requested by Plaintiff, and Defendant was "precluded from imposing any limitations upon the scope of such deposition." [Dkt. 202 at 7.]

On July 10, 2018, Plaintiff served Defendant his Fourth Amended Second Notice of 30(b)(6) Deposition, named Ms. Prindes as the designated witness, and included twenty-two topics. [Dkt. 214-5.] Defendant objected to this notice, arguing that Plaintiff could not choose who Defendant designated as its Rule 30(b)(6) witness(es). [Dkt. 221 at 11.] The parties then participated in a status conference with the Court, during which the Court told the parties that Plaintiff could not pick who Defendant designated as its Rule 30(b)(6) witness(es), but that Defendant was to present its Rule 30(b)(6) witness(es) on the noticed day of the deposition, July 17, 2018.

On the day of the deposition, Defendant produced Ms. Prindes, and only Ms. Prindes. Plaintiff claims that Ms. Prindes was unable to answer many of the questions concerning the noticed topics. [Dkt. 213 at 18.] Additionally, during the deposition, Ms. Prindes referenced viewing "source data" for the mixed files on Defendant's system called "Data Viewer," which were not previously produced before, or as a result of, the Court's June 5, 2018 Order. Plaintiff repeatedly requested a copy of these documents during the deposition, but Defendant refused. [Dkt. 213 at 16.] Defendant, however, produced the documents on July 20, 2018. [Dkt. 221 at

15.] Moreover, Defendant offered to produce additional witnesses, including Ms. Prindes, as well as any additional documents. [*Id.*] Plaintiff declined this request and filed the instant Motion for sanctions.

## II.     Legal Standard

Generally, courts may impose appropriate sanctions, including dismissal or default, against parties who violate discovery rules and orders. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). A court's inherent power permits it to protect the integrity of the judicial system. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Additionally, under Rule 37, the court has the power to sanction a party's making of evasive or incomplete disclosures in response to document requests or interrogatories, or in answering deposition questions. Fed. R. Civ. P. 37.

Whether exercising its inherent power or invoking Rule 37, the guiding principle is that a sanction must be proportional to the abusive conduct. *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). The Court should consider "the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 667-68 (7th Cir. 2003) (internal quotation omitted). Furthermore, when a party fails to comply with a discovery order, the court may, under some circumstances, sanction the disobedient party by rendering a default judgment against it. Default is an extreme remedy and "should be entered only when absolutely necessary, such as where less drastic sanctions have proven unavailing." *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989) (citations omitted). To enter default judgment, the court must find a showing of "willfulness, bad faith, or fault" on the part of the disobedient party. *Id.*

### III. Discussion

First, Plaintiff argues that sanctions, including a default judgment, are appropriate because Defendant violated the Court's Order by concealing the existence of relevant evidence. Defendant contends counsel was unaware of the existence of the particular Data Viewer documents that were not produced until Ms. Prindes referenced them in her deposition, and Plaintiff has provided no evidence to contradict that assertion. It appears that Ms. Prindes created the screen shots in question while preparing just prior to the deposition, and failed to advise counsel that she had done so. Defendant argues, that upon learning of the documents, Defendant provided them to Plaintiff "and offered to produce Ms. Prindes for unlimited additional deposition testimony relating thereto." [Dkt. 221 at 23.] Defendant did not immediately produce the documents to Plaintiff during Ms. Prindes' deposition, but did produce the documents—which, upon review, do not appear to contain any additional information not already produced to Plaintiff—three days later on July 20, 2018. [*See* Dkt. 221-16; Dkt. 221-17.]

Second, Plaintiff argues that sanctions are necessary because Ms. Prindes was not sufficiently prepared as a Rule 30(b)(6) deposition witness, and she made false statements under oath. Without citation to any record to suggest that such a designation was ever made, Defendant argues that it produced Ms. Prindes as a Rule 30(b)(6) witness on some of the topics, but as a Rule 30(b)(1) individual witness on the topics she was unable to address. [Dkt. 221 at 4.] Defendant claims it had the impression that it would produce additional Rule 30(b)(6) witnesses at a later date, but because Plaintiff specifically requested to depose Ms. Prindes, Defendant chose to produce only Ms. Prindes on July 17, 2018.

After reviewing the relevant transcript testimony, the Court finds that Ms. Prindes was not sufficiently prepared as a Rule 30(b)(6) witness. "Rule 30(b)(6) imposes a duty upon the

4

named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No. IP02-071CTK, 2003 WL 23142182, at *5 (S.D. Ind. Jan. 13, 2003) (citing *Media Svcs. Group, Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1253 (D. Kan. 1999)). Ms. Prindes was not prepared to represent Defendant as a Rule 30(b)(6) witness. Plaintiff argues that, "[a]ccording to Prindes herself she could have prepared for her deposition by consulting a number of people and Trans Union records," but she did not, apart from "three minor exceptions." [Dkt. 213 at 19-20.]

The Court instructed Defendant to produce its Rule 30(b)(6) witnesses for deposition on a date on which the parties agreed. This means that, absent some other agreement with Plaintiff's counsel, Defendant should have made **all** of its designated Rule 30(b)(6) witnesses available for deposition on July 17, 2018, instead of simply offering them after-the-fact when it became clear that Ms. Prindes' testimony was wholly deficient with regard to a number of topics. Production of an unprepared witness for a Rule 30(b)(6) deposition is equivolent to producing no witness at all. If Ms. Prindes was unable to testify about all of the topics listed in the 30(b)(6) notice, Defendant was obligated to identify the specific topics as to which Ms. Prindes was being designed, and to then designate and have prepared and available for deposition any other witnesses being designated as to the remaining topics.

While this failure by Defendant would constitute sanctionable conduct, no sanction is appropriate in this case. It is undisputed that Plaintiff's deposition of Ms. Prindes consumed an entire seven-hour deposition day on July 17, 2018. Consequently, deposition of the remaining Rule 30(b)(6) witnesses would necessarily have had to proceed on another day. As the Court

will order that to be done, there is no prejudice or harm to Plaintiff from Defendant's failure to comply with this particular discovery obligation.

Furthermore, the Court is not persuaded by Plaintiff's argument regarding Ms. Prindes' allegedly false testimony. Plaintiff has not produced enough evidence to show that Ms. Prindes lied under oath. Plaintiff quarrels with Ms. Prindes' word choice regarding the weight given to collection accounts in the SSN ordering process, as well as the age of the Synchrony Bank (Walmart) account. "Perjury is different from confusion, mistake, or faulty memory; perjury is defined (at least in the federal criminal context) as 'false testimony concerning a material matter with the willful intent to provide false testimony.'" *Wallace v. McGlothan*, 606 F.3d 410, 426 (7th Cir. 2010) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008)). Plaintiff has not shown any such false testimony, nor has he shown any willful intent.

As previously stated by this Court, Defendant has certainly shown a pattern of obstructing discovery. Defendant has done everything in its power to impede discovery, but the Court does not find its behavior on this particular issue to have risen to the level of issuing sanctions or a default judgment at this time. While the documents at issue were relevant to Plaintiff's request, any potential prejudice to Plaintiff has been mitigated by the fact that Defendant did hand over the documents soon thereafter, and the documents do not appear to contain any additional information that Plaintiff did not already have. The appropriate remedy at this time, in order to further prevent any prejudice to Plaintiff, is to order Defendant to re-produce Ms. Prindes for any further examination by Plaintiff and to produce its remaining Rule 30(b)(6) witnesses for the first time, which the Court will order by separate order.

## IV.    Conclusion

Based on the foregoing, the Magistrate Judge recommends Plaintiff's *Second Motion for Sanctions* [Dkt. 212] be **DENIED**.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  7 FEB 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
tommy@consumerjusticecenter.com

Camille Renee Nicodemus
SCHUCKIT & ASSOCIATES PC
cnicodemus@schuckitlaw.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES P.C.
rschuckit@schuckitlaw.com

Justin T. Walton
SCHUCKIT & ASSOCIATES P.C.
jwalton@schuckitlaw.com